# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HELEN BOSCHERT, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PFIZER, INC., )<br>)<br>Defendant. ) | No. 4:08-CV-1714 CAS |

## MEMORANDUM AND ORDER

Pending before the Court is defendant Pfizer, Inc.'s ("Pfizer") motion to drop, or in the alternative, to sever and transfer the claims of three plaintiffs, who are purportedly misjoined with those of a resident plaintiff. Defendant also moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), a number of claims raised by resident plaintiff, Stephanie Sorocko. Plaintiffs oppose the motions. The motions having been fully briefed are ripe for review. For the following reasons, the Court will grant defendant's motion to drop all but the nonresident plaintiff. Defendant's motions will be denied as moot in all other respects.

### *I. Background*

Plaintiffs Helen Boschert, Aidan Dillard, Kimberly McDonald, and Stephanie Sorocko bring a ten-count complaint based in state law[1] against Pfizer, the manufacturer of the smoking cessation drug varenicline, trade name Chantix® (herein after "Chantix"), for improper design, manufacturing, sales, testing, marketing, advertising, promotion, and distribution. Plaintiffs allege: strict liability for defective design (Count I); strict liability for failure to warn (Count II); negligent design (Count III);

---

[1] Plaintiffs all reside in different states and have not specified what states' laws apply in this cause of action.

negligent failure to warn (Count IV); breach of express warranty (Count V); breach of implied warranty (Count VI); fraudulent omission/concealment (Count VII); negligent misrepresentation (Count VIII); common law fraud (Count IX); and violations of unspecified deceptive trade practices acts (Count X).

Plaintiffs reside in four different states: plaintiff Helen Boschert is from Illinois; plaintiff Aidan Dillard is from New Hampshire; plaintiff Kimberly McDonald is from Kentucky; and plaintiff Stephanie Sorocko is from Missouri. Plaintiffs bring no claims under federal law. Plaintiffs allege there is federal subject matter jurisdiction over their state law claims based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

As for the bases of their claims, plaintiffs all allege they were prescribed Chantix. Each plaintiff was prescribed the drug by a different doctor or health care provider. The plaintiffs took Chantix at different times for various lengths of time. Plaintiffs all allege they suffered mental or behavioral side-effects as a result of taking Chantix. But their alleged symptoms varied greatly, ranging from irritability to attempted suicide. Plaintiffs' previous medical histories also varied greatly. One plaintiff is alleged to have suffered mild depression prior to taking Chantix, while another is alleged to have had a history of Bipolar Disorder and Attention Deficient Hyperactivity Disorder ("ADHD"). Because of these differences and the fact these plaintiffs all hail from different states, defendant has moved to dismiss all but the resident plaintiff for misjoinder.

## *II. Discussion*

Defendant argues that all but the resident plaintiff, Ms. Sorocko, should be severed from this case and dropped because the plaintiffs are misjoined. Federal Rule Civil Procedure 20(a) governs the permissive joinder of parties into an action. Rule 20(a) provides in relevant part:

2

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . . A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. . . .

Fed. R. Civ. P. 20(a). In addition, Rules 20(b) and 42(b) grant district courts the discretion to order separate trials or make such other orders necessary to prevent delay and prejudice. Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974).

The purpose of Rule 20(a) is to address "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Nonetheless, permissive joinder is not proper in all situations. To join together in one action, plaintiffs must meet two specific requirements: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley, 497 F.2d at 1332; see Rule 20(a). Joinder is proper only if both of these requirements are satisfied. 4 Moore's Federal Practice § 20.02[2][a][ii].

The Court will first address whether plaintiffs' claims for relief relate to or arise out of the same transaction or occurrence, or series of transactions or occurrences. A case-by-case approach is used to determine "whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20 . . . ." Mosley, 497 F.2d at 1333. "No hard and fast rules have been established under the rule." Id. In the context of Rule 20(a), the Eighth Circuit stated that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences,

3

depending not so much upon the immediateness of their connection as upon their logical relationship." Id. (quoting Moore v. New York Cotton Exchange, 270 U.S. 593, 610 (1926)). The Eighth Circuit concluded the same transaction or occurrence requirement of Rule 20 "would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." Id. In Mosley, for example, the Eighth Circuit concluded that ten employment discrimination plaintiffs met the same transaction or occurrence requirement because they each alleged injury as a result of the same general company-wide policy of discrimination against African-Americans on the part of their employer. Id. at 1334.

In this case, plaintiffs argue their claims relate to or arise out of the same transaction or occurrence, or series of transactions or occurrences because they all ingested the drug Chantix, albeit for different times and for different durations, and they all developed, to varying degrees, the same type of mental or behavioral injury as a result of defendant's alleged misconduct. In short, according to plaintiffs, the common transaction or occurrence in this case is Chantix.

The Court finds, based on a careful examination of the factual allegations in the complaint, that plaintiffs' claims in this case do not arise from the same transaction or occurrence, or series of transactions or occurrences. "Although the same transaction or occurrence requirement of Rule 20 may be construed liberally, this does not mean joinder is proper in the absence of a transactional link." DIRECTV v. Loussaert, 218 F.R.D. 639, 642 (S.D. Ia. 2003) (citing Mosley, 497 F.2d at 1332). See also Smith v. Planned Parenthood of St. Louis Region, 225 F.R.D. 233, 243 (E.D. Mo. 2004).

While all four plaintiffs allege they ingested Chantix, the prescriptions were provided through different health care providers, and the drug was taken at different times for various durations. Plaintiffs all allege mental and behavioral side-effects as a result of taking Chantix, but their alleged

4

symptoms are not the same and their medical histories appear to have varied greatly. Two of the plaintiffs have no alleged prior history of mental illness, one allegedly had mild depression, and another allegedly suffered from Bipolar Disorder and ADHD prior to taking the drug. In addition, and not insignificantly, the plaintiffs are all from different states, and there is no apparent connection among the four plaintiffs.

Having reviewed the allegations, and the parties' memoranda, the Court concludes the mere fact the four plaintiffs took Chantix at some point in time and suffered some sort of mental or behavioral side-effect is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement. McNaughton v. Merk & Co., 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004) (rejecting argument that alleged failure to warn consumers and doctor of the potential harms of Vioxx satisfied the requirements of Rule 20(a)). See also In re Prempro Prods. Liab. Litig., 417 F. Supp.2d 1058, 1059 (E.D. Ark. 2006) (finding plaintiffs were not properly joined where the only thing common among them was that they took a similar drug); In re Diet Drugs Prods. Liab. Litig., 294 F. Supp. 2d 667, 679 (E.D. Pa. 2003) (same); In re Baycol Prods. Liab. Litig., 2002 WL 32155269, at *2 (D. Minn. July 5, 2002) (finding, in a case involving an anti-cholesterol drug, that "the fact that defendants' conduct is common to all of plaintiffs' claims and that the legal issues of duty, breach of duty and proximate cause and resulting harm are common do not satisfy Rule 20's requirements"); In re Rezulin Prods. Liab. Litig., 168 F Supp.2d 136, 144 (S.D.N.Y. 2001) (finding misjoinder because plaintiffs, who ingested the same drug, had different exposures to the drug, different injuries, and different medical histories); In re Diet Drugs Prods. Liab. Litig., 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (dropping misjoined plaintiffs from different states whose only commonality was ingestion of the same drugs in question); In re Orthopedic Bone Screw Prods. Liab.

5

Litig., 1996 WL 900346, at *3 (E.D. Pa. July 11, 1996) (noting the many differences among the plaintiffs, including their unique medical histories, prevented joinder under Rule 20(a)); In re Orthopedic Bone Screw Prods. Liab. Litig., 1995 WL 428683, at *1 (E.D. Pa. July 17, 1995) (same); cf. Saval v. BL Ltd., 710 F.2d 1027, 1031-32 (4th Cir. 1983) (rejecting argument that allegations of fraud and breach of federal warranties concerning similar problems with automobiles satisfied the transactional test).

Plaintiffs cite to Mosley v. General Motors Corp, 497 F.2d 1330 (8th Cir. 1974) and Bowling v. Kerry, Inc., 406 F. Supp.2d 1057 (E.D. Mo. 2005), cases from the Eighth Circuit and this District, in support of proceeding as a joined action. The facts of these two cases, however, are not similar to the facts of the case at hand. In Mosley, the Eighth Circuit held that ten plaintiffs could join their individual Title VII claims against their single employer because all of their claims were based on a company-wide policy. 497 F.2d at 1330. And in Bowling, the district court found joinder was appropriate where both plaintiffs, although hailing from different states, worked in the same facility in Missouri and were exposed to the same chemicals and suffered the same injuries. Bowling, 406 F. Supp.2d at 1062.

Here, plaintiffs did not work for the same company and they were not injured in the same locale under the same circumstances. Essentially, the only common factor in this case is the drug Chantix. Furthermore, plaintiffs' claims are not based on the same statute or state law. Unlike the plaintiffs in Mosley, who all raised claims under Title VII, or the plaintiffs in Bowling, who both raised Missouri state law claims, most, if not all, of the claims plaintiffs raise in their complaint would be based on each plaintiff's respective state's law. The plaintiffs' claims would require separate legal analyses, and should the case go to trial as captioned, the Court could image that four separate trials

would be necessary, not only because the plaintiffs' claims would be individualized, but because four sets of jury instructions would be required to encompass the laws from four different states. Very little economy, if any at all, would be realized should these plaintiffs' claims remain joined.

For the reasons stated above, the Court finds plaintiffs' claims do not relate to or arise out of the same transaction or occurrence, or series of transactions or occurrences. Because the first requirement of Rule 20, is not met, the Court need not address whether there is a common question of law or fact. See Rule 20(a); Mosley, 497 F.2d at 1332. Joinder is not proper in this case.

Under Federal Rule of Civil Procedure Rule 21, misjoinder is not grounds for dismissal of an action, but "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21  Here, the Court finds it appropriate and just to drop all but the resident plaintiff's claims. The claims of Helen Boschert, Aidan Dillard, and Kimberly McDonald, therefore, will be dismissed without prejudice. These three plaintiffs are free re-file their separate individual complaints against the defendant in the court of their choosing. Of course, if they choose to re-file in federal court, they must satisfy the jurisdictional, pleading, and venue requirements of federal law and the Federal Rules of Civil Procedure.

As for plaintiff Stephanie Sorocko, she shall have twenty (20) days from the date of this Memorandum and Order to file an amended complaint with allegations specific to her claims only. In preparing an amended complaint, plaintiff's counsel may wish to consider the pleading issues defendant raised in its Rule 12(b)(6) motion to dismiss. In light of the fact that plaintiff Sorocko is to file an amended complaint, defendant's motion to dismiss for failure to state a claim will be denied, without prejudice, as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions to drop plaintiffs, or in the alternative to sever and transfer, and to dismiss for failure to state a claim, are **GRANTED in part, and DENIED, in part, as moot.** The motions are **granted** to the extend the Court finds the plaintiffs have been misjoined. All but the resident plaintiff, Stephanie Sorocko, shall be dropped from this suit and dismissed without prejudice. In all other respects, the motions are **denied, without prejudice, as moot.** [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff Stephanie Sorocko shall file an amended complaint consistent with the terms of this Memorandum and Order within twenty (20) days of the date of this Memorandum and Order.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __14th__ day of May 2009.